IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TODD WOJTALEWICZ, husband and wife, and KENDRA WOJTALEWICZ, husband and wife, | ) ) ) ) | 8:12CV76 |
| Plaintiffs, | ) ) | MEMORANDUM AND ORDER ON THE PLAINTIFFS' STATEMENT OF |
| v. | ) ) ) | OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER |
| PIONEER HI-BRED INTERNATIONAL, INC., an Iowa corporation, | ) ) ) ) | AND MOTION TO STAY |
| Defendant. | ) | |

On December 3, 2012, the defendant, Pioneer Hi-Bred International, Inc. (Pioneer), filed a "Motion to Stay and Compel Arbitration of the Claims of Kendra Wojtalewicz and the Claims Assignors." (See ECF No. 28.) This motion was granted by United States Magistrate Judge Cheryl R. Zwart in a memorandum and order dated January 23, 2013. (See ECF No. 40.) Now before me are the "Plaintiffs' Statement of Objections to Magistrate Judge's Order," (ECF No. 41), and the "Plaintiffs' Motion to Stay Proceedings Pending Resolution of Objections to Magistrate Judge's Order Compelling Arbitration," (ECF NO. 42.) For the reasons set forth below, the plaintiffs' objections will be overruled, and their motion to stay will be denied.

1

## I.  BACKGROUND[1]

On January 16, 2012, the plaintiffs, Todd and Kendra Wojtalewicz, filed a complaint on their own behalf and as assignees of 1) their sons Trey and Cole Wojtalewicz, and 2) crop-share landlords Gerald Wojtalewicz and Quarfing Pleasant View Farm, LLC (Quarfing).[2]  (E.g., Compl. ¶ 1, ECF No. 1-2.)  Generally, the plaintiffs allege that a defect in Pioneer's seed corn caused the plaintiffs' and their assignors' 2011 corn crops to fail.  (E.g., id. ¶¶ 3, 5, 19-20.3.)

Todd ordered seed from Pioneer for the 2011 crop season.  Sometime prior to the 2011 crop season, Pioneer mailed to Todd a terms and conditions sheet that stated, in relevant part, as follows:

> **NOTICE ARBITRATION/CONCILIATION/MEDIATION REQUIRED BY SEVERAL STATES:** Under the seed laws of several states ARBITRATION, CONCILIATION or MEDIATION is required as a prerequisite to maintaining a legal action based upon the failure of seed to which this notice is attached to produce as represented.  The purchaser shall file a complaint . . . along with the required filing fee . . . with the Commissioner/Director/Secretary of Agriculture, Seed Commissioner, or Chief Agricultural Officer within such time as to permit inspection of the crops, plants or trees by the designated agency and the seedsmen from whom the seed was purchased.  A copy of the complaint shall be sent to the seller by certified or registered mail or as otherwise provided by state statute.  PLEASE CONSULT PURCHASER'S STATE DEPARTMENT OF AGRICULTURE FOR

---

[1] The relevant facts are set forth clearly and thoroughly in the magistrate judge's memorandums of July 9, 2012, and January 23, 2013, (ECF Nos. 21, 40), and are summarized here merely in the interest of convenience.

[2] Although the complaint names "Quarfing Pleasant View Farm, LLC" as an assignor, (e.g., Compl. ¶ 1, ECF No. 1-2), other documents refer to the company as "Quaring," (e.g., Kendra Wojtalewicz's Responses to Answers to Interrogatory Nos. 4-6, ECF No. 30-3).  I shall use the spelling that appears in the complaint.

> SPECIFIC REQUIREMENTS BEFORE ANY LEGAL ACTION IS INITIATED.  Failure to follow this procedure could limit Purchaser's legal rights, including the remedy recoverable, depending on the law of Purchaser's state.  **NOTICE OF BINDING ARBITRATION:** In addition to the mandatory arbitration required by several states, Purchaser and Pioneer agree that any claim or civil action of any nature arising out of or relating to the performance or quality of this product shall be submitted to binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules.  The place of arbitration shall be Des Moines, Iowa, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.  Disputes concerning or relating to the use restrictions and limited licenses associated with this product, or concerning or related to intellectual property rights of Pioneer in or related to this product, or claims or causes of action brought by Pioneer against the Purchaser for failure to pay for this product, are not subject to this NOTICE OF BINDING ARBITRATION.

(E.g., Brax Aff. ¶¶ 7-8, 10, ECF No. 10-2; 2010 Terms and Conditions Sheet ¶ 19, ECF No. 10-3.  See also Morrissey Aff. ¶¶ 3-5, 7, ECF No. 30-4; 2011 Terms and Conditions Sheet ¶ 19, ECF No. 30-4. )  Similar language has also appeared on the back of all Pioneer seed corn bags since 2006, including the bags that were sold to Todd for the 2011 crop season.  (E.g., Brax Aff. ¶¶ 15-16, ECF No. 10-2.)  In addition, the invoice that Todd received from Pioneer in 2011 states, "By the purchasing of the products listed on this invoice, you hereby consent to the jurisdiction of the state or federal courts in Polk County, Iowa in the event of litigation concerning this purchase.  If binding arbitration is required (see bag), the place of the arbitration will be Des Moines, Iowa."  (E.g., Invoice at 2, ECF No. 10-4.)

On March 16, 2012, Pioneer filed a motion to stay all proceedings in this court and compel the plaintiffs to initiate arbitration in accordance with the terms outlined

3

above. (See generally ECF No. 10.) On June 9, 2012, the magistrate judge concluded that the Federal Arbitration Act (FAA), 9 U.S.C. § 2, applies to this case; that a valid arbitration agreement existed between Todd and Pioneer; and that the subject matter of the plaintiffs' complaint falls within the scope of the arbitration agreement. (Mem. & Order at 5-11, ECF No. 21.) The magistrate judge wrote,

> Todd Wojtalewicz must arbitrate his claims against Pioneer. But on the current record, the court cannot decide whether the claims of co-plaintiff Kendra Wojtalewicz, or the claims assigned to the plaintiffs by Trey, Cole, and Gerald Wojtalewicz or [Quarfing] Farms are subject to arbitration. If an assignor's claim is subject to arbitration, it remains subject to arbitration when pursued by an assignee.
>
> However, the parties have not briefed, and the court has not found, law stating that claims which were not subject to arbitration automatically become so when assigned to an assignee with related claims that must be arbitrated. The factual record does not explain the relationship between the parties as it relates to the purchase of Pioneer seed corn. For example, although Todd Wojtalewicz placed the seed corn order for the assignors, it is unclear whether he did so as their agent or as the agent/Sales Representative for Pioneer. Nitro Distributing Inc. v. Alticor, Inc., 453 F.3d 995. 999 (8th Cir. 2006) ("An agent is subject to the same contractual provisions, including arbitration contracts, to which the principal is bound."). These facts must be developed for the court to determine whether all or only a portion of this case must be submitted to binding arbitration.

(Id. at 11-12 (citation and footnote omitted).)

In accordance with the foregoing paragraphs, the magistrate judge partially granted Pioneer's motion to compel arbitration. Specifically, the magistrate judge's order states that "Todd Wojtalewicz' claims held on his personal behalf, and not as an assignee, are subject to binding arbitration," but these "claims will [not] be submitted to the arbitration forum until the court determines whether Kendra

4

Wojtalewicz's claims and the assignor claims of Trey, Cole, and Gerald Wojtalewicz or [Quarfing] Farms are subject to arbitration." (Id. at 12.) In addition, the magistrate judge ordered that discovery could proceed on the issue of "whether any relationship existed between Todd Wojtalewicz and Kendra Wojtalewicz, and between Todd and Kendra Wojtalewicz and the assignors, such that Kendra Wojtalewicz's claims and the claims of the assignors assigned to the plaintiffs must be arbitrated." (Id. at 13.) She also ordered that on or before September 10, 2012, the parties must file a stipulation regarding whether the remaining claims will be arbitrated, or, in the alternative, the defendant must "move for a judicial determination regarding whether these claims . . . must be arbitrated." (Id.)

Neither party filed a timely objection to the magistrate judge's memorandum and order of July 9, 2012. E.g., Fed. R. Civ. P. 72; NECivR 72.2(a).

After obtaining an extension of the deadline set forth in the magistrate judge's order, Pioneer filed a "Motion to Stay and Compel Arbitration of the Claims of Kendra Wojtalewicz and the Claims Assignors" on December 3, 2012. (ECF No. 28. See also ECF Nos. 22-23.) The magistrate judge granted this motion on January 23, 2013. (Mem. & Order, ECF No. 40.) In so doing, she made the following findings of fact (among others). (See id. at 2-9.)

- Todd and Kendra are husband and wife, and although their farming businesses are separate, they share their profits and losses. (E.g., Kendra Wojtalewicz's Response to Request for Admission No. 1, ECF No. 30-1.) Todd handled most of the "daily operations" of the couple's farming businesses, and he ordered (and planted) the Pioneer seed corn that was used by both of their businesses for the 2011 growing season. (E.g., Kendra Wojtalewicz's Responses to Requests for Admission Nos. 3-6, ECF No. 30-1; Todd Wojtalewicz Dep. at

5

33, ECF No. 31-1.) In addition to being a Pioneer customer, Todd was also a Pioneer Sales Representative for several years, including the 2011 crop year. (E.g., Todd Wojtalewicz Dep. at 6, ECF No. 31-1.) Kendra, in contrast, had no role in purchasing the 2011 seed corn, never received a terms and conditions sheet for purchasing seed corn from Pioneer, did not plant the corn, and did not handle or read the Pioneer seed corn bags. (E.g., Kendra Wojtalewicz's Responses to Requests for Admission Nos. 2-3, 8, ECF No. 30-1; Kendra Wojtalewicz Dep. at 18:1-19:2, ECF No. 31-2.) In short, Kendra relied on Todd to handle the purchasing of the 2011 seed corn from Pioneer, and when she received the product, she did not return or reject it. (E.g., Kendra Wojtalewicz's Responses to Requests for Admission No. 4, ECF No. 30-1; Kendra Wojtalewicz Dep. at 17:1-3, ECF No. 31-2.) She also claims that she did not specifically authorize Todd to agree to arbitrate any claims that she might have against Pioneer. (Kendra Wojtalewicz Aff. ¶ 2, ECF No. 34-7.) (See Mem. & Order at 2-4, 5, ECF No. 40.)

- In accordance with their crop-share arrangement with Quarfing, Todd and Kendra "purchased all of the inputs and planted the [Quarfing] ground" in exchange for a 2/3 share of the crop. (Kendra Wojtalewicz's Answer to Interrogatory No. 6, ECF No. 30-3.) (See Mem. & Order at 4, ECF No. 40.)
- Gerald had no farming agreement with Todd and Kendra in 2011. (E.g., Kendra Wojtalewicz's Answer to Interrogatory No. 9, ECF No. 30-3.) He did, however, have crop-share agreements with both Trey and Cole in 2011. (E.g., Kendra Wojtalewicz's Answers to Interrogatory Nos. 7-8, ECF No. 30-3.) Pursuant to these agreements, Trey and Cole "purchased all the inputs" and farmed parts of Gerald's land in exchange for 2/3 shares of the crops. (Id.)

6

    Gerald did not decide what would be planted; did not select, purchase, or plant the seed; and did not return or reject the seed corn that Trey and Cole planted on his land. (E.g., Cole Wojtalewicz Dep. at 7:19-23, ECF No. 30-6; Todd Wojtalewicz Dep. at 19:9-15, ECF No. 31-1; Gerald Wojtalewicz Dep. at 18:12-21, 19:19-21, ECF No. 30-7; Gerald Wojtalewicz Dep. at 25-28, 39:22-40:1, ECF No. 31-4.) Gerald did not see the Pioneer seed bags when they were delivered, and he was not aware of the arbitration terms appearing on them. (Gerald Wojtalewicz Dep. at 51-52, ECF No. 34-6.) He also did not receive a terms and conditions sheet from Pioneer in 2011, and he did not specifically authorize Todd, Kendra, Cole, or Trey to agree to arbitrate any claims he might have against Pioneer. (Gerald Wojtalewicz Aff. ¶¶ 2-5, ECF No. 34-11.) (See Mem. & Order at 3, 4-5, 6, ECF No. 40.)

- Pioneer mailed copies of the 2011 terms and conditions sheet to Cole and Trey at Todd's home address. (E.g., Morrissey Aff. ¶¶ 6, 9, ECF No. 30-4.)[3] Also, Cole and Trey each received invoices for the seed corn that they purchased from Pioneer, (e.g., Todd Wojtalewicz Dep. at 13:8-19, ECF No. 31-1), and they were responsible for paying the invoices, (e.g., Cole Wojtalewicz Dep. at 8:10-12, ECF No. 30-6; Trey Wojtalewicz Dep. at 10:2-12, ECF No. 31-5). As noted previously, these invoices included the sentence, "If binding arbitration is required (see bag), the place of the arbitration will be Des Moines, Iowa." (Trey Wojtalewicz Invoice at 2, ECF No. 39-1; Cole Wojtalewicz Invoice at 2, ECF No. 39-2.) (See Mem. & Order at 5-6, 7, ECF No. 40.)

---

    [3] "Trey Wojtalewicz lived at home with his parents, and Cole Wojtalewicz would visit home during school. Cole and Trey Wojtalewicz both received mail at their [parents'] house." (Mem. & Order at 5, ECF No. 40.)

The magistrate judge then analyzed "whether the claims of Kendra, Trey, Cole, and Gerald Wojtalewicz, and of [Quarfing,] are . . . subject to arbitration." (Mem. & Order at 10, ECF No. 40.) First, the magistrate judge found that "[t]he factual and legal analysis applicable to Todd Wojtalewicz is also applicable to Trey and Cole Wojtalewicz." (Id.) She explained,

> As with their father, in October of 2010, Pioneer sent Trey and Cole . . . a terms and conditions sheet setting forth the material terms for buying Pioneer seed corn for the 2011 growing season. That terms and conditions sheet included an arbitration clause. After the terms and conditions sheet was mailed, Cole and Trey . . . purchased Pioneer seed corn. The seed corn was delivered in bags which included a written arbitration clause. Both Trey and Cole . . . received an invoice for the seed corn which referenced the arbitration clause on the seed corn bags. Trey and Cole . . . did not read the terms on the bags, or reject the delivery. They did accept and plant the seed corn, and they paid the invoice. For the reasons discussed in the court's prior opinion, (Filing No. 21), Trey and Cole Wojtalewicz' claims are subject to arbitration and therefore, Todd and Kendra Wojtalewicz, as the assignees, must submit those claims to arbitration.

(Id.)

Next, the magistrate judge found that Kendra's, Gerald's, and Quarfing's claims must also be submitted to arbitration. (See id. at 11-16.) She noted that Kendra, Gerald, and Quarfing "did not receive a Pioneer terms and conditions sheet; they did not buy, plant or pay for any Pioneer seed corn; they received no Pioneer invoices; and they neither handled nor read the labels on any Pioneer seed corn bag." (Id. at 11.) Nevertheless, she concluded that the arbitration terms could be enforced against them on agency or estoppel theories. (See id. at 11-16.)

More specifically, the magistrate found that "[w]hen purchasing seed from Pioneer, Todd Wojtalewicz served as the agent of Kendra Wojtalewicz and

8

[Quarfing] regarding their respective shares of the farming operations, and Cole and Trey Wojtalewicz served as agents for Gerald Wojtalewicz regarding his one-third share of his farmland productivity." (Id. at 12 (citation omitted).) These agents accepted the "integral and material terms for purchasing Pioneer seed corn . . . listed in the terms and conditions sheet" as "they placed their orders, accepted delivery of the seed corn in bags containing an arbitration clause, and paid the invoices that included the arbitration clause by reference." (Id. at 13.) Because the agents acted within the scope of their authority when they accepted these terms, Kendra, Gerald, and Quarfing were bound by the arbitration clause. (Id. at 13-14.) Also, it was immaterial that none of the principals specifically authorized their agents to agree to arbitrate disputes. (See id. at 12 ("When a principal delegates authority to an agent to accomplish a task without specific directions, the grant of authority includes the agent's ability to exercise his or her discretion and make reasonable determinations concerning the details of how the agent will exercise that authority." (Quoting Koricic v. Beverly Enterprises–Nebraska, Inc., 773 N.W.2d 145, 150 (Neb. 2009))).)

In addition, the magistrate judge found that Kendra, Gerald, and Quarfing were bound by the arbitration agreement on an estoppel theory because "they are seeking to directly benefit from the contract containing the arbitration clause." (Id. at 14 (citation omitted).) She wrote,

> If the court ignores the agency principles previously discussed in this opinion, Kendra Wojtalewicz, Gerald Wojtalewicz, and [Quarfing] had no contact with Pioneer for the purchase of seed corn. Yet Kendra Wojtalewicz' claims, and the assigned claims of [Quarfing] assert that a contract existed between Todd Wojtalewicz and Pioneer, and they are entitled to recover damages from Pioneer based on the rights and warranties created under the Todd Wojtalewicz/Pioneer sales contract. Likewise, Gerald Wojtalewicz' assigned claims seek recovery based on the rights and warranties created by the sales contract between Pioneer

9

> and Trey and Cole Wojtalewicz. The Todd Wojtalewicz/Pioneer contracts, and the Trey and Cole Wojtalewicz/Pioneer contracts included an arbitration clause. The nonparties who seek recovery under those contracts–Kendra Wojtalewicz, Gerald Wojtalewicz, and [Quarfing]–are estopped from picking and choosing which of the contract terms they will honor. By asserting the right to recover the benefits arising from the Pioneer sales contracts, they are likewise bound by the obligations of those contracts, including the mandatory arbitration clause.

(Id. at 15-16.)

On February 6, 2013, the plaintiffs filed objections to the magistrate judge's orders of July 9, 2012, and January 23, 2013. (ECF No. 41.) On that same date, they filed a motion to stay proceedings in this case, "including submission of this case to arbitration," pending a ruling on their objections. (ECF No. 42.)

## II. STANDARD OF REVIEW

Upon a party's timely objection to a magistrate judge's order deciding "a pretrial matter not dispositive of a party's claim or defense," a district judge must consider the objection and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

The plaintiffs argue that the magistrate judge's orders are dispositive, and therefore I must review them de novo. (Pls.' Objections at 1 & n.1, ECF No. 41.) Courts are divided on the question of whether motions to compel arbitration are "dispositive" for the purposes of Federal Rule of Civil Procedure 72. E.g., Vernon v. Qwest Communications International, Inc., 857 F. Supp. 2d 1135, 1140-41 (D. Col. 2012) (recognizing split in authority). In Credit Suisse Securities (USA) LLC v. Hilliard, No. 8:07CV17, slip op. at 3 (D. Neb. July 23, 2007), Judge Smith Camp concluded that a motion to compel arbitration was "a pretrial matter not dispositive

10

of a claim or defense, and, therefore, [the magistrate judge's] order granting the motion will be modified or set aside only if clearly erroneous or contrary to law." (Citations omitted). In support of this conclusion, Judge Smith Camp found "that a motion to compel arbitration is not one of the dispositive motions listed in 28 U.S.C. § 636(b)(1)(A), and is not analogous to any such motion, because under 9 U.S.C. §§ 9-11 federal district courts are vested with authority to vacate, modify, or correct arbitration awards." Id. (citing Herko v. Metro Life Ins. Co., 978 F. Supp. 141, 142 n.1 (W.D.N.Y. 1997)). I agree with Judge Smith Camp's analysis. Specifically, I find that the defendant's motions to compel arbitration are not analogous to any of the "excepted" motions listed in 28 U.S.C. § 636(b)(1)(A); rather, they are "nondispositive" for the purposes of Federal Rule of Civil Procedure 72. Thus, de novo review is not appropriate.

### III.   ANALYSIS

As noted above, the plaintiffs object to the magistrate judge's orders of July 9, 2012, and January 23, 2013. (See Pls.' Objections at 1, ECF No. 41.) Their objections were filed on February 6, 2013. (See generally id.) Federal Rule of Civil Procedure 72(a) and Nebraska Civil Rule 72.2(a) state that a party may file objections to a magistrate judge's order on a nondispositive matter within 14 days after being served with the order. The plaintiffs objections are timely insofar as they are directed toward the magistrate judge's order of January 23, 2013, but they are not timely insofar as they are directed toward the order of July 9, 2012.

The plaintiffs suggest that their objections to the July 9, 2012, order are timely because that order "merged with, and became operative upon, the Magistrate Judge's final Order [of] January 23, 2013." (Pls.' Objections at 1, ECF No. 41.) I disagree.

It is fair to say that the January 23, 2013, order resolves questions left open by the July 9, 2012, order (i.e., whether Kendra's claims and the claims assigned to the plaintiffs by Trey, Cole, Gerald, and Quarfing must be submitted to arbitration), and the plaintiffs' objections will be considered insofar as they are directed toward these recently-resolved questions. It is also fair to say that the January 23, 2013, order incorporates portions of the July 9, 2013, order. For example, in determining the arbitrability of Trey's and Cole's claims, the January 23, 2013, order applies the same analysis that was used to determine the arbitrability of Todd's claims in the July 9, 2012, order. As I noted above, I shall consider the plaintiffs' objections to this analysis insofar as the objections are directed toward the arbitrability of Trey's and Cole's claims. But the order of July 9, 2012, resolved the issue of whether Todd Wojtalewicz must submit his claims to arbitration, and the plaintiffs' objections are not timely to the extent that they are directed toward that issue. Furthermore, the fact that the magistrate judge delayed the submission of Todd's claims to arbitration until she could determine whether the remaining claims must also be submitted to arbitration did not extend the plaintiffs' deadline for objecting to her ruling that Todd's claims must be submitted to arbitration. In short, all issues that were resolved in the July 9, 2012, order, including the arbitrability of Todd's claims, are beyond the reach of the plaintiffs' pending objections.

The plaintiffs have made a "blanket" objection to the magistrate judge's memorandum and order. In other words, rather than identifying any specific portions of the magistrate judge's memorandum and order that, in their view, are clearly erroneous or contrary to law, they merely state, "Plaintiffs object to all findings of fact and conclusions of law stated in the Orders." (Pls.' Objections at 1, ECF No.

41.)[4]  They have submitted no brief in support of their objections, but instead rely entirely on "their previously filed briefs and evidence." (Id. at 2.)

I have reviewed the parties' motions, briefs and evidence, (ECF Nos. 10, 14, 15, 18, 19, 28-31, 34-39, 41, 44), and the magistrate judge's memorandums, (ECF Nos. 21, 40). I find that the magistrate judge's memorandum and order of January 23, 2013, is neither clearly erroneous nor contrary to law. The plaintiffs' objections are overruled.

**IT IS ORDERED** that:

1. the plaintiffs' objections to the magistrate judge's order, ECF No. 41, are overruled; and

2. the plaintiffs' motion to stay proceedings pending a resolution of their objections, ECF No. 42, is denied as moot.

Dated March 13, 2013.

       BY THE COURT

       _/s/ Warren K. Urbom_____

       Warren K. Urbom
       United States Senior District Judge

---

[4] The defendant argues that the plaintiffs' blanket objection "does not make any sense," especially given the fact that several of the magistrate judge's factual findings "are innocuous (from Plaintiffs' perspective)" or resolve disputed facts in the plaintiffs' favor. (See Def.'s Br. at 7, ECF No. 44.) The defendant's point is well-taken, and I doubt whether blanket objections are consistent with this court's local rules. See NECivR 72.2(a) (requiring the objecting party to "specify (1) the parts of the order . . . to which the party objects and (2) the legal basis for the objections").